UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/20/2025____

JULIA HICIANO o/b/o M.O.G.H.,

                Plaintiff,

        -v-

THE COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION.,

                Defendant.

## OPINION AND ORDER

24-CV-6693 (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Plaintiff Julia Hiciano, proceeding *pro se*, commenced this action on behalf of her child M.O.G.H. against the Commissioner of the Social Security Administration (the "Commissioner"), alleging that the Commissioner improperly terminated M.O.G.H.'s benefits.  The Commissioner has filed a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, or in the alternative, for summary judgment under Federal Rule of Civil Procedure 56.  For the following reasons, the Commissioner's motion to dismiss is **GRANTED**.

## I. BACKGROUND[1]

Upon the 2018 death of her father, M.O.G.H., then a minor, was awarded a survivor benefit from the Social Security Administration ("SSA").  Complaint ("Compl."), Dkt. No. 1, at 4.  Before M.O.G.H. turned 18 in 2022, Hiciano was informed that the survivor benefit would terminate unless she provided

---

[1] A district court may consider certain materials on a motion to dismiss, including documents attached to the pleading or incorporated by reference, which are "deemed part of the pleading."  *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

documentation that M.O.G.H. was intellectually disabled or still in school. Compl. at 5. In 2022 and 2023 Hiciano attempted to submit such documentation. Compl. at 2.

On August 26, 2024, Hiciano filed the instant complaint. Dkt. No. 1. On September 10, 2024, this case was referred to the undersigned. Dkt. No. 6. On October 9, 2024, the parties consented to my jurisdiction. Dkt. No. 14.

On December 17, 2024, the Commissioner moved to dismiss the case. Dkt. No. 16. In support, she filed a memorandum of law ("Def. Mem."), Dkt. No. 16, the Declaration of Jose Colon dated November 8, 2024, Dkt. No. 16-3, and supporting exhibits. Plaintiff did not file an opposition to the motion.

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. The ultimate question is whether "[a] claim has facial plausibility, [*i.e.*,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint

states a plausible claim for relief will . . . be a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B.    Standards for Pro Se Litigants

While *pro se* complaints are read liberally "to raise the strongest arguments

they suggest," *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.

2006) (citation omitted), they still must state a plausible claim for relief. *Walker v.*

*Schult,* 717 F.3d 119, 124 (2d Cir. 2013). Thus, a district court should dismiss a *pro*

*se* plaintiff's complaint if it "fail[s] to meet minimum pleading requirements."

*Kinsey v. Bloomberg,* No. 12-CV-8936 (PAE) (JCF), 2014 WL 630670, at *3 (S.D.N.Y.

Feb. 18, 2014).

Submissions made by *pro se* plaintiffs are held "to less stringent standards

than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)

(internal quotations omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)

(courts are "obligated to construe a *pro se* complaint liberally"). Nevertheless, *pro se*

plaintiffs are not excused from the normal rules of pleading; "dismissal . . . is proper

if the complaint lacks an allegation regarding an element necessary to obtain

relief." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009)

(cleaned up).

## III.    ANALYSIS

### A.    Plaintiff Did Not Exhaust Her Administrative Remedies

Congress provided for judicial review of the SSA's decisions only "after any

final decision of the Commissioner of Social Security made after a hearing to which

he was a party." 42 U.S.C. § 405(g). "If a complaint does not contain allegations

showing that there has been a final decision, then it does not satisfy the requirements for jurisdiction under Section 405(g)." *Garcia on behalf of S.S. v. Comm'r of Soc. Sec.*, No. 22-CV-7170 (LTS), 2022 WL 4110172, at *1 (S.D.N.Y. Sept. 6, 2022).

The "final decision" requirement has two elements. First, a claim for benefits must be presented to the Commissioner of Social Security. Second, the administrative remedies of the SSA must be exhausted. *Abbey v. Sullivan*, 978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an administrative law judge ("ALJ"); and (4) request that the Appeals Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). When the Appeals Council issues a final decision, the plaintiff's administrative remedies have been exhausted and the plaintiff may seek review of that decision in a federal district court. *Garcia*, 2022 WL 4110172 at *1.

A plaintiff's failure to exhaust may be excused, either by the Commissioner or, under limited circumstances, by the courts. *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984). But "exhaustion is the rule, waiver the exception." *Abbey*, 978 F.2d at 44. Courts look to the following factors to excuse failure to exhaust: "(1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that plaintiff[ ] would suffer irreparable harm if

required to exhaust administrative remedies." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *Abbey*, 978 F.2d at 44).

It is clear from the face of the Complaint that Hiciano failed to exhaust her administrative remedies before suing. In the portion of the Complaint where Hiciano was required to enter the date of the ALJ's decision denying her claim, Hiciano wrote "n/a". Compl. at 2. She also wrote "n/a" on the date where the Appeals Council denied her appeal or issued an unfavorable decision, and the date where she received a letter from the Appeals Council. *Id.* In the letter to the SSA included as part of the Complaint, Hiciano alleges only that she was told "there is an issue with the payment and the folks at the payment processing center have to resolve it." Compl. at 4. Nowhere in the Complaint does Hiciano allege that there was a final agency decision denying her benefits.

Further, nothing in the Complaint supports excusal of Hiciano's failure to exhaust. First, Hiciano's claim is not collateral to a claim for benefits – it is a claim for benefits. Second, there is no showing that pursuing administrative remedies would be futile. Third, the Complaint never claims plaintiff "would suffer irreparable harm if required to exhaust administrative remedies." *Pavano v. Shalala*, 95 F.3d at 150.

Because Hiciano failed to plead that she has exhausted her administrative remedies, the Court cannot review the SSA's decision. Indeed, Hiciano identifies no particular decision for the Court to review at all. Because these are deficiencies in

the Complaint itself, there is no need to convert the Commissioner's motion to one for summary judgment, and Complaint will be dismissed under Rule 12(b)(6).

### B.  Leave to Amend

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). However, "it is within the sound discretion of the district court to grant or deny leave to amend. A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)) (internal citations omitted).

Although the Court suspects that Hiciano will be unable to amend the Complaint, it nonetheless grants her leave to amend to show that she has exhausted administrative remedies or should be excused from doing so. Accordingly, the Complaint is dismissed with leave to amend within 30 days.

**IV.    CONCLUSION**

Defendant's motion to dismiss the Complaint for failure to state a claim is

**GRANTED**.  Because the Court is dismissing the Complaint under Rule 12(b)(6), it

does not address Defendant's motion for summary judgment, which was made in

the alternative.  Plaintiff has leave to amend the Complaint within 30 days.

**SO ORDERED.**

Dated: March 20, 2025
     New York, New York

_____
Hon. Henry J. Ricardo
United States Magistrate Judge

7